```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MYRON N. CRISDON, | Civil No. 11-4980 (NLH/KMW) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION AND ORDER** |
| NEW JERSEY VICTIM OF CRIME COMPENSATION OFFICE, |  |
| Defendant. |  |

**APPEARANCES:**

Myron N. Crisdon
531 N. Seventh Street
Camden, New Jersey 08102
Pro Se

**HILLMAN, District Judge**

Plaintiff Myron Crisdon seeks to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, this Court will grant the application to proceed in forma pauperis. In accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B)(ii), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.   BACKGROUND**

In this action, Plaintiff sues Defendant New Jersey Victim of Crime Compensation Office under 42 U.S.C. § 1983. Plaintiff alleges that Defendant violated Plaintiff's Fourteenth Amendment

rights when it failed to determine that he was eligible to receive crime compensation benefits and approve him for such benefits.  Plaintiff contends that he currently meets the requirements to receive benefits from Defendant and that Defendant's failure to determine his eligibility violated the Fourteenth Amendment.  Accordingly, Plaintiff seeks compensatory and consequential damages in the amount of twenty-million dollars ($20,000,000.00) and punitive damages in the amount of ten-million dollars ($10,000,000.00).

**II.   DISCUSSION**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007)

2

(citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

In this case, Plaintiff attached to the complaint an August 10, 2011 letter from Marsetta Lee, Director of the Victims of Crimes Compensation Office of the State of New Jersey. This letter demonstrates that Defendant, the Victims of Crime

Compensation Office, is an entity of the State of New Jersey falling under the umbrella of the Office of the Attorney General, the Department of Law and Public Safety, through the Division of Criminal Justice.  Moreover, Plaintiff seeks to recovery monetary damages from Defendant.  As a result, Plaintiff's claims against Defendant are barred by the Eleventh Amendment.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state, state agencies, or state employees sued in their official capacity).

   Because Defendant is an arm of the State of New Jersey, and any recovery sought by Plaintiff would be paid by the State,

Defendant is entitled to Eleventh Amendment immunity from Plaintiff's suit.  Therefore, Plaintiff fails to state a claim upon which relief can be granted and his complaint is therefore dismissed with prejudice.

Accordingly,

IT IS on this ___2nd___ day of ____March____, 2012 hereby

**ORDERED** that Plaintiff's application to proceed in forma pauperis shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to **FILE** the complaint in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to **CLOSE** the file in this action.

At Camden, New Jersey
　　　　　　　　　　　　　　　　　　/s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

5