UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYRON N. CRISDON, | Civil No. 11-4980 (NLH/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| NEW JERSEY VICTIM OF CRIME COMPENSATION OFFICE, | |
| Defendant. | |

**APPEARANCES:**

Myron N. Crisdon
531 N. Seventh Street
Camden, New Jersey 08102
    *Pro Se*

**HILLMAN, District Judge**

    This matter having coming before the Court by way of Plaintiff Myron Crisdon's application [Doc. No. 6] to proceed with an appeal in forma pauperis pursuant to 28 U.S.C. § 1915; and

    The Court having reviewed Plaintiff's application to proceed without the prepayment of fees on appeal, as well as Plaintiff's notice of appeal [Doc. No. 3], and noting that Plaintiff seeks to appeal the Court's Memorandum Opinion and Order dated March 2, 2012 dismissing sua sponte Plaintiff's complaint with prejudice; and

    The Court having determined in the March 2, 2012 Memorandum

Opinion and Order that Plaintiff's complaint failed to state a claim upon which relief could be granted against the Victims of Crimes Compensation Office of the State of New Jersey because Defendant "is an entity of the State of New Jersey falling under the umbrella of the Office of the Attorney General, the Department of Law and Public Safety, through the Division of Criminal Justice" and thus, the Eleventh Amendment barred Plaintiff's claims "[b]ecause Defendant is an arm of the State of New Jersey, and any recovery sought by Plaintiff would be paid by the State," (Mem. Op. & Order [Doc. No. 2] 4-5, Mar. 2, 2012); and

The Court noting that pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith[,]"; and

The Court further noting that "'[t]he good faith standard is an objective one,' not a determination of a litigant's subjective state of mind[,]" Francis v. Joint Force Headquarters Nat'l Guard, No. 05-4882, 2009 WL 387899, at *3 (D.N.J. Feb. 13, 2009) (citation omitted); see also Coppedge v. United States, 369 U.S. 438, 445 (1962) (holding "that 'good faith' in this context must be judged by an objective standard."); and

The Court also recognizing that the good faith standard requires that the Court determine whether the issue presented is

2

frivolous, see, e.g., Coppedge, 369 U.S. at 445 ("We consider a defendant's good faith ... demonstrated when he seeks appellate review of any issue not frivolous."); Francis, 2009 WL 387899, at *3 ("The standard calls upon the Court to assess whether the 'issue presented is frivolous.'") (citation omitted); Sejeck v. Singer Mfg. Co., 113 F. Supp. 281, 282 (D.N.J. 1953) ("It is well settled that the words 'in good faith' in the above statute substantially mean that the points on which the appeal is taken are reasonably arguable. If so, the appeal is taken 'in good faith', and vice versa."); and

 The Third Circuit having recently reiterated that "[a]n appeal is frivolous when it lacks an arguable basis either in law or fact, that is, when it relies on an 'indisputably meritless legal theory' or a 'clearly baseless' set of facts[,]" see Pelzer v. Shea, No. 11-4644, 2012 WL 975430, at *1 (3d Cir. Mar. 23, 2012); and

 The Court finding that in the notice of appeal, Plaintiff fails to assert any arguable basis in law or fact in support of his appeal of the Court's March 2, 2012 Memorandum Opinion and Order dismissing Plaintiff's complaint on Eleventh Amendment immunity grounds; and

 The Court concluding that Plaintiff's complaint and notice of appeal rely on an "indisputably meritless legal theory" in light of the Eleventh Amendment, which bars suits in federal

court by private parties, such as Plaintiff, that seek to impose liability which must be paid from public funds in the state treasury, as any award of damages in this case would be; and

The Court therefore finding that Plaintiff's appeal is frivolous and thus is not taken in good faith pursuant to Section 1915(a)(3).

Accordingly,

IT IS on this ___26th___ day of ___April___, 2012, hereby

**ORDERED** that Plaintiff's application to proceed in forma pauperis on appeal shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal "is not taken in good faith" for the reasons set forth herein.


At Camden, New Jersey              /s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.